# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Donnie Ray Shannon,

        Plaintiff,

Civ. No. 11-3264 (RHK/JJK)
**ORDER**

v.

Officer Michael P. Smith, *et al.*,

        Defendants.

      This matter is before the Court *sua sponte*.

      This is a Fourth Amendment action in which Plaintiff alleges that Defendants violated his constitutional rights by, among other things, unlawfully arresting him in October 2010. He filed this action *pro se* in November 2011, but there is no indication in the docket that he took any steps to prosecute this case after filing it.

      In late September and early October 2012, Defendants separately moved for summary judgment, serving their Motion papers on Plaintiff at his last known addresses. At the Court's behest, defense counsel also informed Plaintiff that his failure to respond to the Motions could result in the dismissal of this case. (See Doc. No. 42.) On December 5, 2012, the Court received a letter from Plaintiff advising that he had been taken into state custody and, and a result, he needed additional time to respond to the Motions. He also indicated that he was "prepared to fight . . . through the mail." (Doc. No. 46.) The Court granted Plaintiff's request on December 18, 2012, affording him until

January 8, 2013, to serve and file his opposition papers. (Doc. No. 47.) He was also expressly warned "that his failure to timely serve and file documents in response to the pending Motions *will* result in the Court dismissing this action with prejudice for failure to prosecute." (Id.) Despite the Court's admonition, and despite being "prepared to fight through the mail," Plaintiff has failed to respond to the pending Motions.

Based on the foregoing, and all the files, records, and proceedings herein, the Court determines that this action should be dismissed for two separate, but independently sufficient, reasons. First, Plaintiff has failed to prosecute. He did not discuss with defense counsel deadlines for the progression of the case, as required under Federal Rule of Civil Procedure 26(f). (See Doc. No. 16.) He apparently has not undertaken any discovery. And most critically, he has not responded to Defendants' Motions for Summary Judgment, despite being advised of the consequences of doing so. See Fed. R. Civ. P. 41(b); Page v. Pung, No. 94-3120, 1995 WL 91897, at *1 (8th Cir. Mar. 1, 1995) (unpublished) (affirming dismissal of complaint where plaintiff failed to respond to summary-judgment motion).[1] While Plaintiff is proceeding *pro se*, that does not relieve him of his obligation to respond to the Motions. See, e.g., Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law.") (citation omitted). Moreover, the lack of responsiveness can only

---

[1] Although Rule 41(b), which governs dismissals for failure to prosecute, is couched in terms of a motion by the defendant, the Supreme Court has recognized that a district court may dismiss an action *sua sponte* on this ground. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962); see also Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (*per curiam*).

be laid at Plaintiff's feet, as he is representing himself.  Insofar as he was warned of the possible consequences of his actions, and insofar as he was afforded more than adequate time to respond to the Motions, the Court determines that dismissal of his claims with prejudice is appropriate.  See Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (*per curiam*) (noting that dismissal with prejudice is appropriate "where the plaintiff has consistently and willfully failed to prosecute his claim").

Second, by failing to respond to the pending Motions, Defendants' evidence stands unrebutted.[2]  Based on that evidence, the Court concludes that Plaintiff cannot establish a constitutional violation, as his conduct afforded officers probable cause for his arrest. (See Doc. No. 27 at 2-3.)  All of Plaintiffs' remaining claims founder for the same reason, as they are predicated on (or derived from) the alleged "unlawfulness" of that arrest.

Accordingly, **IT IS ORDERED** that Defendants' Motions for Summary Judgment (Doc. Nos. 20, 24) are **GRANTED**, and for that reason, and due to Plaintiff's failure to prosecute, the Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 18, 2013                                                          s/Richard H. Kyle
                                                                                                   RICHARD H. KYLE
                                                                                                   United States District Judge

---

[2] Plaintiff was obligated to "designate specific facts showing that there is a genuine issue for trial."  Hernandez v. Jarman, 340 F.3d 617, 622 (8th Cir. 2003).  The Court need not "search the entire record for some specific facts that might support [Plaintiff's] claim[s]."  White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (*per curiam*); accord, e.g., Rodgers v. City of Des Moines, 435 F.3d 904, 908 (8th Cir. 2006) ("Without some guidance, [a court need] not mine a summary judgment record searching for nuggets of factual disputes.").